UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JORDAN MATTHEW GILL,<br><br>Plaintiff,<br><br>v.<br><br>CLINT BROWN Officer, CPD, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:23-cv-01766-SEB-TAB |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Jordan Matthew Gill filed this action on September 29, 2023, contending that his Constitutional Rights were violated by the defendants, Sgt. Clint Brown, Deputy Kyle McMurry, Cpt. Robbie Fee, Lt. Ryan Sherwood, Officer Billy Ammerman, and Officer Jeremy Wilson. Dkt. [1]. Mr. Gill claims that the defendants applied excessive force when the defendants forced Mr. Gill to the ground, placed him in handcuffs, then struck him numerous times while Mr. Gill was not resisting. The defendants moved for summary judgment. Dkt. [42]. For the reasons discussed in this order, the defendants' motion, dkt. [42], is **granted**.

## I.
## Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A

court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Plaintiff failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant 'still [has] to show that summary judgment [is] proper given the undisputed facts,'" *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011), with those facts taken as usual in the light most favorable to the nonmovant." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

## II.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Khungar*, 985 F.3d at 572–73.

On September 28, 2021, Mr. Gill was located at 926 W. 5th Street in Connersville, Indiana when Connersville Police Officers went to that home to locate a wanted person who had active felony warrants for his arrest. Dkt. 44-9 at 4 (Police Report of the Incident). Four other individuals were also in the house with Mr. Gill, but the individual the police were searching for was not present. *Id.*

Lt. Sherwood, Officer Ammerman, and Sgt. Brown went to the front of the house while Captain Fee and Deputy McMurry went to the back of the house to execute the raid. Dkt. 44-9 at 4. Sgt. Brown wrote in his report that he observed one individual whom he knew had an active felony warrant and another woman sitting on the floor who appeared heavily intoxicated near several syringes. *Id.* Mr. Gill opened the door for Sgt. Brown, but upon realizing who was on the other side, immediately attempted to shut the door and retreat into the home. *Id.* Sgt. Brown was struck by the door on his arm and ordered Mr. Gill to stop. *Id.* He then grabbed Mr. Gill's shirt and pulled him onto the ground. Once on the ground on his left side, Mr. Gill placed both of his hands inside his waistband, actively resisted Sgt. Brown, and attempted to roll away and kick Brown. Dkt. 44-3 at 6. Mr. Gill had a hard object in his waistband/pocket area. *Id.*

While continuing to resist arrest, Mr. Gill attempted to pull his hand from his waistband with the hard object in hand. Dkt. 44-9 at 4. Mr. Gill admitted via his unanswered requests for admissions from the defendants that if a grown man struck at him and reached into his own waistband or pockets where a hard object existed, an officer would feel threatened. Dkt. 44-3 at 7. As a result of this event, Mr. Gill was arrested and charged with maintaining a common nuisance, possession of syringe, and resisting law enforcement. *Id.*

On September 28, 2021, no other law enforcement officers were in close proximity to Mr. Gill when Sgt. Brown took him to the ground, he resisted, and Sgt. Brown detained him. Dkt. 44-

4 at 4. Officer McMurry testified that at the time of Mr. Gill's arrest, he was in the backyard and did not see Sgt. Brown effectuate the arrest and was not in close proximity to the arrest. Dkt. 44-5 (McMurry Affidavit). Similarly, Cpt. Fee and Officer Ammerman were not in the immediate area of the arrest and did not see Cpt. Brown effectuate Mr. Gill's arrest. Dkt. 44-6 (Fee Affidavit), Dkt. 44-7 (Ammerman Affidavit). Officer Wilson was not working on the night of Plaintiff's arrest. Dkt. 44-8 (Wilson Affidavit).

After the arrest, Sgt. Brown asked Mr. Gill why he was resisting, and he stated it was because he believed they were being robbed. Dkt. 44-9 at 5. However, later, Mr. Gill admitted he knew the individuals at the door were the police. *Id.* Mr. Gill was searched and officers recovered $2,834.00 on his persons before taking him to the hospital. *Id.* All the individuals who were arrested were taken to the hospital, but Mr. Gill was released from custody due to his injuries and need for further medical care. *Id.*

## III.
## Discussion

### A. Personal Involvement

Defendants argue that there is no evidence showing that Deputy Kyle McMurry, Cpt. Robbie Fee, Lt. Ryan Sherwood, Officer Billy Ammerman, and Officer Jeremy Wilson were personally involved in violating Mr. Gill's rights. Dkts. 44-5, 44-6, 44-7, and 44-8. The record reflects that these defendants were not involved in the incident surrounding the arrest and were either off duty or in a different area of the house. Accordingly, they cannot be liable for any failure to protect Mr. Gill. Thus, the Court **GRANTS** Summary Judgment as to Plaintiff's constitutional failure to protect claims against Deputy Kyle McMurry, Cpt. Robbie Fee, Lt. Ryan Sherwood, Officer Billy Ammerman, and Officer Jeremy Wilson.

**B. Excessive Force Claim**

The Fourth Amendment protects arrestees from objectively unreasonable excessive force during their arrests. *Avina v. Bohlen*, 882 F.3d 674, 678 (2018) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). A claim that an officer used excessive force in seizing an individual is "analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Graham*, 490 U.S. at 388. "[T]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Id.* at 396 (citations and internal quotation marks omitted). Factors relevant to the inquiry include: "'[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Baird v. Renbarger,* 576 F.3d 340, 344 (7th Cir. 2009) (alterations in original) (quoting *Graham*, 490 U.S. at 396).

An officer's use of force is "judg[ed] from the totality of the circumstances at the time of the [seizure]." *Fitzgerald v. Santoro*, 707 F.3d 725, 733 (7th Cir. 2013) (alterations in original) (citation and internal quotation marks omitted). "'[W]hen material facts (or enough of them to justify the conduct objectively) are undisputed, then there would be nothing for a jury to do except second-guess the officers.'" Therefore, "[i]n this situation...the reasonableness of the force used is a legal question." *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 862 (7th Cir. 2010) (emphasis in original) (quoting *Bell v. Irwin*, 321 F.3d 637, 640 (7th Cir. 2003)).

Mr. Gill alleges Sgt. Brown grabbed him by the wrist and struck him on his head with a flashlight numerous times, even after he was restrained. Dkt. 19. Sgt. Brown argues that his use of force was objectively reasonable. "An officer who has the right to arrest an individual also has the right to use a reasonable degree of physical force … to effectuate the arrest." *Graham,* 490 U.S. at 396. The record reflects that Mr. Gill opened the door for Sgt. Brown but then he attempted to shut

the door and struck the officer with the door, causing him injury. Dkt. 44-9 at 4. Further, the officer ordered Mr. Gill to stop, but he failed to do so. The accepted facts described in the police report reflect that, once inside the home, Mr. Gill struggled to evade the officers and placed his hands in his waistband to grab a hard object which could make an officer feel threatened. Considering the three factors set forth by the Seventh Circuit — the severity of the crime, whether there is an immediate threat to the officer's safety, and whether the plaintiff was actively resisting — the Court finds, based on the video evidence and the accepted facts set forth in the probable cause affidavit, that Sgt. Brown's use of force was reasonable and not greater than necessary. Further, Mr. Gill has not responded to the defendants' motion and has presented no evidence to the contrary. Plaintiff is the nonmoving party, so he receives "the benefit of conflicting evidence and reasonable inferences." *Stockton v. Milwaukee County*, 44 F.4th 605, 614 (7th Cir. 2022). That said, he must "produce evidence sufficient to establish [the] element[s] essential to" his claim. *Id.* He has not done so here. Accordingly, summary judgment must be **GRANTED** in favor of Sgt. Brown.

## IV.
## Conclusion

The defendants' motion for summary judgment, dkt. [42], is **GRANTED**.

Final judgment will issue in a separate entry.

IT IS SO ORDERED.

Date: 8/19/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JORDAN MATTHEW GILL
293269
613 Morning Glory Lane
Connersville, IN 47331

All Electronically Registered Counsel